## BOLANDER v. COWLEY.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8704. Decided June 25, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

Middleton, PJ., and Mauck, J., of the 5th Dist. and Lemert, J., of the 6th Dist., sitting.
AUTOMOBILES.

(50 A2b1) The owner of an automobile, employing a garage owner to tow his disabled car, and steering it while being towed, is not, ipso facto, the agent of the garage owner, the principal, nor a disinterested party.

Error to Common Pleas.
Judgment reversed.

Henderson, Quail, Siddall & Morgan, Cleveland for Bolander.
Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Cowley.

STATEMENT OF FACTS.

Bolander was struck and injured by a machine owned by Simmons. The machine had become disabled and was being towed into the garage owned and operated by the defendants, for repair. Bolander charged the defendants with negligence in the manner in which they were towing the disabled car, and that this negligence caused his injuries. Trial was had resulting in a verdict for the defendants.

The trial court before argument, gave to the jury this special instruction:

"If you find from the evidence that by a voluntary independent act on his part, the driver of the automobile that was being towed, turned his automobile in such a manner as to strike the plaintiff and that the driver of the towing automobile did nothing to bring about the accident, then I say to you that as a matter of law that your verdict must be for the defendant."

Simmons, the owner, was driving the towed car, and there was evidence from which the jury might have found him negligent in allowing the towed car to leave the paved street and get into some soft cement adjacent thereto, and in his extricating the car therefrom.
MAUCK, J.

This charge was equivalent to an instruction that the defendants were not liable for the negligence of Simmons, which means that as a matter of law, Simmons was not the agent of the defendants.

The record shows that when Simmons found his car unable to proceed he telephoned to the defendants' garage for service. Now it is clear that when response was made, one of two or three relationships might be created. It was competent for Simmons to secure help enabling Simmons to move the car from the place where it was disabled and in such case Simmons would be the principal. Such a case was **Farrar v. Whipple, 63 Cal. App. 123.** It was competent for Simmons to contract with the defendants for the latter to move the car in which case, generally, the defendants would

as independent contractors be responsible for carrying on the work in a legal and prudent manner. It was perhaps competent for the parties to engage in a joint enterprise for the accomplishment of the removal.

The law requires no one of these relationships to arise. What the relationship is must be ascertained from the agreement of the parties, and that is determined by what was said and done by them.

This instruction was consequently erroneous unless the evidence showed that Simmons was not acting for the defendants.

The evidence did not warrant the trial court in charging as a matter of law that the defendants were not liable for the acts of Simmons.

The consequences of the error cannot be avoided by the suggestion that it was not prejudicial. The defendants below relied upon its effectiveness, and prepared and secured its submission because they believed in its influence. Moreover, there was testimony that tended to show that Simmons had permitted the towed car to get off the paved way and into the green concrete and, if the jury found this to be true, they might have found that the collision was solely due to this fact and that this fact constituted negligence.

For error in giving this instruction, the judgment is reversed.

(Middleton, PJ., and Lemert, J., concur.)